UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------- x
AESTHETIC & OBGYN FOR ADVANCED    :
WOMEN P.C.,                       :
                                  :
                Plaintiff,   :     **REPORT AND**
                                  :     **RECOMMENDATION**
        -against-          :
                                  :     22-CV-647 (RPK) (PK)
STATE FARM FIRE AND CASUALTY      :
COMPANY,                          :
                                  :
                Defendant.   :
------------------------------------------------------------- x

**Peggy Kuo, United States Magistrate Judge:**

       Before me is Defendant State Farm Fire and Casualty Company's Motion to Dismiss for Failure to Prosecute. ("Motion," Dkt. 44.) The Motion was referred to me by the Honorable Rachel P. Kovner on March 18, 2024. For the reasons stated below, I respectfully recommend that the Motion be granted.

**BACKGROUND**

       Aesthetic & OBGYN For Advanced Women P.C. ("Plaintiff") brought this action on January 6, 2022 in the Supreme Court of the State of New York, Queens County against State Farm Fire and Casualty Company ("Defendant" or "State Farm"), its insurer, in connection with State Farm's handling of a claim submitted by Plaintiff for an alleged loss at Plaintiff's place of business. ("Compl.," Dkt. 1-1.) Plaintiff alleged that State Farm failed to conduct a reasonable investigation of Plaintiff's claim under the insurance policy and acted in bad faith, resulting in damages to Plaintiff of at least $1,500,000.00. (*Id.* ¶ 8.) Defendant removed the case to this Court on February 4, 2022 based on diversity jurisdiction under 28 U.S.C. § 1332. (Notice of Removal ¶ 3, Dkt. 1.)

       This Court scheduled an Initial Conference for April 21, 2022. (February 7, 2022 Minute Entry.)

On February 11, 2022, State Farm filed a request for a pre-motion conference regarding an anticipated motion under Federal Rule of Civil Procedure 12(b)(6) to dismiss Plaintiff's claim for bad faith and demand for punitive damages. (Dkt. 9.) Plaintiff's counsel, Matthew S. Aboulafia, responded with a request for leave to file a motion to be relieved as counsel. (Dkt. 10.) Leave was granted, and Mr. Aboulafia filed a Motion to Withdraw as Attorney, stating that counsel "has had issues with our client that have made it unreasonably difficult to carry out our responsibilities effectively." (Dkt. 11-1 ¶ 4.)

At a motion hearing on March 1, 2022, Dr. Sandy Nayak, a representative of Plaintiff, objected to Mr. Aboulafia's withdrawal, stating that she would pay the attorneys' fees due to him, and that she wanted him to represent her at the Examination Under Oath ("EUO") required by State Farm as part of its claims investigation process. (March 1, 2022 Minute Entry.) The Court deferred ruling on the Motion to Withdraw and directed the parties to schedule the EUO as soon as possible, adding, "Once the EUO is conducted, Plaintiff is directed to consider whether this lawsuit remains necessary or viable, given that its central claims involve Defendant's alleged failure to schedule the EUO. If appropriate, Plaintiff should consider voluntary dismissal of the case." (*Id.*) Mr. Aboulafia subsequently filed a status letter on March 14, 2022, stating that the EUO had been scheduled and requesting that the Court hold his Motion to Withdraw in abeyance pending determination of coverage under the insurance policy. (Dkt. 12.)

At the request of the parties, the Court thereafter adjourned the Initial Conference several times. (*See* March 15, 2022 Scheduling Order; April 21, 2022 Scheduling Order; June 2, 2022 Scheduling Order.)

The conference ultimately proceeded on July 15, 2022, at which time Mr. Aboulafia stated that he still wished to be relieved as counsel. (July 15, 2022 Minute Order.) The Court accordingly held another motion hearing on Mr. Aboulafia's Motion to Withdraw. Although Dr. Nayak stated at the

2

hearing that she still wanted Mr. Aboulafia to represent Plaintiff, the Court held an *ex parte* discussion with Mr. Aboulafia and Dr. Nayak, and based on this discussion, granted the Motion to Withdraw. (August 7, 2022 Minute Entry.)

Dr. Nayak requested more time to retain new counsel, which the Court granted. (September 20, 2022 Minute Entry.) The Court reminded Dr. Nayak that Plaintiff could not proceed in the case without counsel because a corporation may only appear through licensed counsel. (*Id.*)

On October 11, 2022 and November 2, 2022, respectively, Attorneys Stewart Lee Karlin and Natalia Mercedes Kapitonova filed Notices of Appearance on behalf of Plaintiff. (Dkts. 31, 34.)

On October 27, 2022, State Farm renewed its request for a pre-motion conference in anticipation of filing a motion to dismiss Plaintiff's claim for bad faith and demand for punitive damages. (Dkt. 33.) Plaintiff responded on November 2, 2022, stating that it would withdraw the bad faith cause of action and demand for punitive damages. (Dkt. 35.) The Court accordingly denied Defendant's request for a pre-motion conference as moot. (November 3, 2022 Minute Entry.)

Plaintiff filed an Amended Complaint on December 9, 2022. (Dkt. 37.) State Farm filed an Answer on January 17, 2023. (Dkt. 38.) The Court so-ordered the parties' joint proposed discovery plan on January 25, 2023 (Dkt. 40), setting a deadline of May 5, 2023 for a joint status report on the progress of discovery.

On April 21, 2023, Attorneys Kapitonova and Karlin filed a Motion to Withdraw as Attorney. (Dkt. 41.) The supporting declaration stated that "[Plaintiff] has been unresponsive to our communications and as a result we cannot move forward in the discovery process." (Dkt. 41-1 ¶ 4.) The Court held a motion hearing on May 2, 2023, at which Attorney Kapitonova appeared. Dr. Nayak also appeared at the hearing and objected to the motion. The Court held an *ex parte* discussion with Attorney Kapitonova and Dr. Nayak and, based on that discussion, granted the Motion to Withdraw. The Court directed Dr. Nayak to seek new counsel by June 30, 2023 and scheduled a status conference

to be held by telephone on July 7, 2023. The Court reminded Dr. Nayak that Plaintiff could not proceed in the case without counsel because a corporation may only appear through licensed counsel, and stated in its scheduling order, "**Failure by counsel for Plaintiff to appear at this conference [on July 7] may result in the Court recommending that the case be dismissed for failure to prosecute.**" (May 2, 2023 Minute Entry (emphasis in original).) Attorneys Kapitonova and Karlin were directed to provide a copy of the Court's scheduling order to Dr. Nayak. (*Id.*)

Dr. Nayak thereafter contacted the Court by telephone on June 22, 2023 and June 28, 2023 to request additional time to obtain new counsel. She was told each time that any communications with the Court must be filed on the docket.

The Court held a status conference by telephone on July 7, 2023, at which neither Dr. Nayak nor any new counsel for Plaintiff appeared. (July 7, 2023 Minute Entry.) The Court entered an order adjourning the conference to July 19, 2023, and warning, "**Failure of Plaintiff to appear at the conference through counsel may result in the case being dismissed for failure to prosecute.**" (*Id.* (emphasis in original).) The Court added Dr. Nayak's email address to the recipient list for electronic docket notifications to ensure that she would be aware of the Court's orders. (*Id.*)

On July 10, 2023, the Court belatedly received a letter from Dr. Nayak, dated June 17, 2023, requesting an additional three to four weeks to obtain counsel, and asking that the July 7 conference be postponed. (Dkt. 42.)

The status conference proceeded as scheduled on July 19, 2023. Dr. Nayak did not appear, nor did any new counsel for Plaintiff. (July 19, 2023 Minute Entry.)

The Court, thus, ordered Plaintiff to show cause why the action should not be dismissed for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b) ("July 19 Order to Show Cause"). (*Id.*) The Court instructed Plaintiff to file a letter by mailing it to the Clerk of the Court by

4

August 2, 2023. (*Id.*)  State Farm mailed a copy of the July 19 Order to Show Cause to Plaintiff and filed an affidavit of service. (Dkt. 43.)  Plaintiff failed to respond to the July 19 Order to Show Cause.

On August 10, 2023, the Court issued another Order to Show Cause why Plaintiff's case should not be dismissed for failure to prosecute.  The Court stated, "If Plaintiff does not respond or fails to appear through licensed counsel by August 17, 2023, it will be recommended that this case be dismissed for failure to prosecute."  (August 10 Order to Show Cause.)

Plaintiff failed to respond to the August 10 Order to Show Cause.

State Farm filed the Motion on January 12, 2024, requesting dismissal for failure to prosecute. (Dkt. 44.)  A copy of the request was emailed to Dr. Nayak.  Plaintiff has not appeared or responded to State Farm's request.

## **DISCUSSION**

Pursuant to Federal Rule of Civil Procedure 41(b), "If a plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Even without a motion to dismiss from the defendant, the Court has "unquestioned . . . authority to dismiss a plaintiff's case *sua sponte* for failure to prosecute." *LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001) (citation omitted).  When a district court contemplates a dismissal under Rule 41(b), it must consider the following factors, none of which is dispositive:

> (1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal.

*Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014) (quoting *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996)).  Courts have dismissed cases for failure to prosecute, where, for example, the plaintiff was inactive for an extended period.  *See Kenny v. Potter*, No. 05-CV-1415 (KAM)(JMA), 2011 WL 613346,

5

at *3 (E.D.N.Y. Jan. 24, 2011) (dismissing after "six months of inactivity on the docket" and where plaintiff's counsel could not contact plaintiff), *R&R adopted*, 2011 WL 646919 (E.D.N.Y. Feb. 11, 2011); *Rafaniello v. Travelers Cas. Co.*, No. 14-CV-3385 (NGG)(MDG), 2016 WL 4991544, at *2 (E.D.N.Y. Feb. 22, 2016) (dismissing where plaintiffs "have not filed any documents or taken any action indicating any interest in pursuing [their] claims" despite multiple orders, warnings and attempts to call them), *R&R adopted*, 2016 WL 5061112 (E.D.N.Y. Sept. 16, 2016); *Robinson v. Sposato*, No. 13-CV-3334 (JFB)(WDW), 2014 WL 1699001, at *2 (E.D.N.Y. April 24, 2014) (dismissing where plaintiff failed to "timely file a new complaint, as directed by the Court, or otherwise communicate[ ] with the Court"). Courts should give *pro se* plaintiffs special leniency on procedural matters. *LeSane*, 239 F. 3d at 209 (2d Cir. 2001).

Although Plaintiff was initially actively prosecuting this case, it failed to retain new counsel after its last counsel was terminated on May 2, 2023. The last communications which the Court received from Plaintiff were a letter from Dr. Nayak dated June 17, 2023 and a telephone call from her on June 28, 2023. (Dkt. 42.) Dr. Nayak has since been wholly unresponsive to the Court's and Defendant's counsel's efforts to contact her. Plaintiff failed to appear at status conferences on July 7, 2023 and July 19, 2023, and failed to respond to the Court's July 19, 2023 and August 10, 2023 Orders to Show Cause, despite clear warning that such failure could result in the case being dismissed for failure to prosecute.

This case has been pending for two years, and Plaintiff has not appeared in the case for approximately ten months. Prejudice against State Farm is presumed in light of Plaintiff's failure to move the case forward. *Kenny*, 2011 WL 613346, at *3 ("because plaintiff has a duty of due diligence to move her case forward, and has failed to do so, prejudice to the defendants may be presumed") (citing *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 42 (2d Cir. 1982)). Balancing the Court's interest in managing its docket against Plaintiff's interest in a fair chance to be heard also weighs in favor of

dismissal, in light of the numerous opportunities the Court has given Plaintiff to continue litigating this case. I have also considered whether lesser sanctions would be effective in addressing Plaintiff's inaction at this stage of the case, but find none, especially given Plaintiff's unresponsiveness to its prior counsel's efforts to proceed with discovery.

Accordingly, I find that all five factors weigh in favor of dismissal under Rule 41(b).

If Plaintiff is interested in continuing to litigate this case, this Report and Recommendation affords one last chance to object to dismissal of the case with prejudice.

## CONCLUSION

For the foregoing reasons, I respectfully recommend that the Complaint be dismissed with prejudice.

Any objection to this Report and Recommendation must be filed in writing with the Clerk of Court within fourteen (14) days of service. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Failure to timely file any objection waives the right to further judicial review of this Report and Recommendation. *Caidor v. Onondaga Cty.*, 517 F.3d 601, 604 (2d Cir. 2008).

*Peggy Kuo*
PEGGY KUO
United States Magistrate Judge

Dated: March 29, 2024
Brooklyn, New York